UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLAND ALFRED BERRY,<br><br>Petitioner,<br><br>v.<br><br>BRYAN D. PHILLIPS,<br><br>Respondent. | Case No. 2:23-cv-00442-JDP (HC)<br><br>SCREENING ORDER FINDING THAT THE PETITION DOES NOT STATE A COGNIZABLE SECTION 2254 CLAIM AND GRANTING LEAVE TO AMEND WITHIN THIRTY DAYS<br><br>ECF No. 1 |

Petitioner, a state prisoner proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. After reviewing the petition, I find that it fails to state a cognizable habeas claim. Petitioner may either file an amended petition or, as explained below, convert this action into one proceeding under section 1983. He is advised that, if he chooses the latter, the filing fee will increase to $402.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Petitioner argues that his rights were violated when state officials denied him a nonviolent offender parole hearing. ECF No. 1 at 2-3. Under the Ninth Circuit's decision in *Nettles v.*

*Grounds*, 830 F.3d 922, 927 (9th Cir. 2016), a prisoner may pursue a habeas action only if success in that case would necessarily lead to an earlier release. *Id.* at 934. If success would not guarantee an earlier release, the action must proceed as a civil rights case under section 1983. *Id.* Here, even if petitioner succeeds in this action and is granted a parole hearing, he could still be denied parole. *See Johnson v. Lozano*, No. CV 19-8411 JVS (AFM), 2020 U.S. Dist. LEXIS 33939, 2020 WL 959253 at *2 (C.D. Cal. 2020) ("A judgment in Petitioner's favor, however, would only entitle him to a [youthful offender] parole hearing[.] Petitioner still would not be entitled to immediate release or a shorter prison stay.").

        Petitioner may file an amended petition that explains why he should still be allowed to proceed in a habeas action. Or he may convert this case into a civil rights action by completing the civil rights complaint form and IFP application included with this order. Petitioner should avail himself of one of these options, but not both.

        It is ORDERED that:

        1.    The Clerk of Court is directed to send petitioner a federal § 2254 habeas form, a § 1983 complaint form, and an application to proceed *in forma pauperis* form with this order.

        2.    Within thirty days of this order's entry, petitioner should either file an amended habeas petition or the § 1983 complaint form (along with the application to proceed *in forma pauperis* if he is unable to afford the higher filing fee out of pocket).

        3.    If petitioner does not comply with this order, I will recommend that this action be dismissed.

IT IS SO ORDERED.

Dated:   April 5, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE