UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLAND ALFRED BERRY, | Case No. 2:23-cv-00442-JDP (HC) |
| Petitioner, | ORDER AND FINDINGS AND RECOMMENDATIONS |
| v. | |
| BRYAN D. PHILLIPS, | |
| Respondent. | |

Petitioner, a state prisoner proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. He argues that his constitutional rights were violated when state officials denied him a non-violent offender parole hearing. ECF No. 5 at 5-6.

On April 6, 2023, I found that this claim did not present viable federal habeas claim and offered petitioner a chance to amend and explain why it should still proceed. ECF No. 4. Petitioner filed an amended petition which, after review, suffers from the same basic deficiency as the first.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

1

1  As before, petitioner argues that his rights were violated when state officials denied him a nonviolent offender parole hearing. ECF No. 5 at 5. I explained in my last screening order that the Ninth Circuit's decision in *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016), precludes relief in this case because a habeas case may be pursued only if success therein would necessarily lead to an earlier release. *Id.* at 934. If petitioner were granted a parole hearing, he could still be denied parole. *See Johnson v. Lozano*, No. CV 19-8411 JVS (AFM), 2020 U.S. Dist. LEXIS 33939, 2020 WL 959253 at *2 (C.D. Cal. 2020) ("A judgment in Petitioner's favor, however, would only entitle him to a [youthful offender] parole hearing[.] Petitioner still would not be entitled to immediate release or a shorter prison stay.").

Petitioner also argues that prolonged incarceration for a non-violent offense violates his Eighth Amendment rights insofar as it is cruel and unusual punishment. ECF No. 5 at 8, 13. There is no established federal law that supports this contention. To the contrary, the Supreme Court has upheld strict sentences for non-violent crimes. *See Harmelin v. Michigan*, 501 U.S. 957, 996 (1991) (upholding a sentence of life without parole for possession of cocaine).

I previously explained to petitioner that he could, if he chose, convert this action into one under section 1983, wherein he could pursue relief that would not necessarily result in an earlier release. ECF No. 4 at 2. To that end, I instructed that petitioner be sent both a new habeas form and a section 1983 form. *Id.* I directed petitioner to return the former if he wished to continue pursuing this action as one for habeas corpus and the latter if he wanted to change it to one for section 1983. *Id.* Petitioner submitted the habeas form. ECF No. 5. I now find that this action should be dismissed for failure to state a cognizable federal habeas claim.

It is ORDERED that the Clerk of Court is directed to assign a district judge to this action.

Further, it is RECOMMENDED that the amended petition, ECF No. 5, be DISMISSED without leave to amend for failure to state a cognizable federal habeas claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 9, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE